UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS SHORTER, III | CIVIL ACTION |
| VERSUS | NO. 19-12035 |
| 24TH JUDICIAL DISTRICT COURT, JEFFERSON PARISH ET AL. | SECTION "R" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Press Shorter, III, is a prisoner currently incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana. He ultimately paid this court's filing fee and filed his complaint pro se pursuant to 42 U.S.C. § 1983 ("Section 1983"). He sued Jefferson Parish Sheriff Joseph P. Lopinto, III; 24th Judicial District Court Judge Danyelle F. Taylor; and the Louisiana 24th Judicial District Court itself. Shorter alleges that defendants violated his Eighth Amendment rights because he was not granted a bond on the charge of manslaughter. Id. at ¶¶ IV. He seeks injunctive relief in the form of a court order requiring defendants to give him a bond "within reason as the U.S. Constitution, [Eighth] Amendment grants [him] the right to have." Id. at ¶ V. Shorter claims that he "does not pose . . . a flight risk or a [t]hreat to the community . . . [and that he] should not be denied [a bond] for no reason." Id.

## **ANALYSIS**

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that . . . the action is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law fails to state a claim on which relief can be granted, or under Heck v. Humphrey, 512 U.S. 477 (1994). In addition, the claims in his complaint are legally frivolous and fail to state a claim even under the broadest reading[1] because they are barred by applicable United States Supreme Court precedent.

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

III. STATE COURT RECORD

The procedural history alleged by plaintiff in his complaint is that "[o]n Aug[ust] 29, 2018, [he] was arrested by the Jefferson Parish Sheriff's [O]ffice through Sheriff Joesph P. Lopento III (sic) . . . [and he] was rebooked on [m]anslaughter on Sept[ember] 5, 2018. The 24th Judicial District Court; Sheriff Joesph P. Lopento III (sic); and Judge Taylor [p]residing over the case has not issued a [b]ond on these charges, violating my 8[th] Amendment Right[s]." Record Doc. No. 1 (Complaint at pp. 4–5, ¶ V). Plaintiff alleges that "[Commissioner] Paul H. Schneider in Commissioner Court <u>gave me a bond</u> for all my charges, [b]ut for some reason the 24th Judicial District Court Criminal Records Dep[artment] does not have any record[] of [him] having a bond on the [m]anslaughter 14:31 charge when . . . [the Commissioner] stated on record that [his] bond . . . is $300,000." Record Doc. No. 1-1 at p. 1 (emphasis added).

Staff of the undersigned magistrate judge conducted independent research through the Office of the Criminal Clerk for Division "O" of the 24th Judicial District Court and obtained documents from the state court record, which have been separately filed in the record. Record Doc. No. 5. The state court record establishes that plaintiff was arrested and charged with manslaughter on September 5, 2018, after warrants were issued or authorized by Criminal Commissioner Paul Schneider. <u>Id</u>. at p. 1. He appeared before the Commissioner on September 7, 2018, who ordered Shorter held without bond until a court date on September 12, 2018. <u>Id.</u> at p. 2. On that date, plaintiff again appeared

before the Commissioner, who again ordered him held without bond pending a court date on September 26, 2018. Id. at pp. 3–4. On October 4, 2018, plaintiff and his counsel appeared before the Commissioner, having filed a "Motion for Bond Reduction," which the Commissioner denied because "[p]robable [c]ause [was] found to hold [plaintiff]." Record Doc. No. 5 at p. 5.

Thus, the state court record does not support Shorter's allegation that Commissioner Schneider "gave [him] a bond." Record Doc. No. 1-1 at p. 1. However, a Sheriff's Office response to Shorter's grievance attached to the complaint states: "[T]he court initially set your bond on that charge at $300,000 C/C/P however, on [September 26, 2018] the court rescinded your bond." Id. at p. 3. The state court record indicates that Shorter is currently being held at the Jefferson Parish Correctional Center without bond, because his specific request for bond was denied based on judicial decisions after hearings before both Commissioner Schneider and Judge Taylor on June 27, 2019. Id. at p. 6.

### III. CLAIMS AGAINST JUDGE TAYLOR

Shorter's claims against Judge Taylor are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for

damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110–11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356–57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541–42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.

Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against this defendant. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that Shorter seeks an order of this court directing the judge to take action concerning plaintiff's state criminal charges, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356–57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court having jurisdiction over criminal charges against plaintiff to treat him in any particular way or to otherwise interfere with the orders of its judges.

Shorter's claims against Judge Taylor appear to concern the judge's denial of bond relating to a manslaughter charge. In the alternative, accepting as true for present

purposes Shorter's allegation that Commissioner Schneider "gave [him] a bond," coupled with the Sheriff's Office report attached to his complaint indicating that his original $300,000 bond was "rescinded" by the court, his claim against Judge Taylor concerns her apparent decision to revoke any such bond. In either event, these are actions fully within the scope of defendant's role as a judicial officer and therefore within her jurisdiction. See Huffer v. Bogen, 503 F. App'x 455, 459 (6th Cir. 2012) (municipal judge denying bond was immune from suit under Section 1983 because denial of bond was a judicial act); Green v. Mayfield, 2009 WL 230161, at *2 (N.D. Tex. Jan. 29, 2009) (citing Walczyk v. Rio, 496 F.3d 139, 165 (2d Cir.2007) ("Setting bail or bond 'is a judicial function.'"); Mancero-Ramirez v. City of Hoover, Alabama, 2006 WL 8436599, at *2 (N.D. Ala. May 15, 2006) (absolute judicial immunity barred plaintiff's claims concerning judge's "no bond" orders) (citing Bradley, 80 U.S. at 347; Mireles v. Waco, 502 U.S. 9, 11–13 (1991) and Stump, 435 U.S, at 356–57 (1978)); Smith v. Kagay, 2017 WL 1709579, at *1 (D. Kan. May 3, 2017) (judge entitled to absolute immunity for decision to deny plaintiff a bond, an act which is "clearly judicial in nature."). Consequently, the doctrine of absolute judicial immunity bars Shorter's suit against Judge Taylor. Shorter's claims against Judge Taylor must be dismissed because this defendant is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

## IV. CLAIMS AGAINST 24TH JUDICIAL DISTRICT COURT

Shorter has named the 24th Judicial Court for Jefferson Parish as a defendant. This defendant is not a legal entity with the capacity either to sue or to be sued. Section 1983 claims may be asserted only against "persons" as the statute and case law define that term. The 24th Judicial District Court is not an entity that can be sued under Section 1983 because it is not a juridical entity under state law capable of being sued and/or because it is not a person for purposes of suit under Section 1983.

A state court is not a person for purposes of suit under Section 1983. Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997); Harris v. Champion, 51 F.3d 901, 905 (10th Cir. 1995); Clark v. Clark, 984 F.2d 272, 272 (8th Cir. 1993); Ward v. Morris, 895 F. Supp. 116, 117 (N.D. Miss. 1995); Moity v. Louisiana State Bar Ass'n, 414 F. Supp. 180, 182 (E.D. La.), aff'd, 537 F. 2d 1141 (5th Cir. 1976). Under these circumstances, all claims against the 24th Judicial District Court must be dismissed as legally frivolous.

## V. CLAIMS AGAINST SHERIFF LOPINTO

Finally, Shorter has named Jefferson Parish Sheriff Jerry Lopinto, III as a defendant, although he has made no allegations that Sheriff Lopinto has been personally involved in any of the actions about which he complains. Thus, he appears to name the sheriff as a defendant based solely upon his official responsibilities over his role, if any, in plaintiff's arrest and detention.

To hold the sheriff liable, plaintiff must establish either that he was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [the sheriff] . . . and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); accord Cox, 281 F. App'x at 391; Kohler, 470 F.3d at 1115. "It is facially evident that this test cannot be met if there is no underlying constitutional violation." Rios v. City of Del Rio, 444 F.3d 417, 425-26 (5th Cir. 2006) (citing Breaux v. City of Garland, 205 F.3d 150, 161 (5th Cir. 2000)). In the instant action, plaintiff has failed to establish either that the sheriff was personally involved in any acts causing the alleged deprivation of his constitutional rights or that a causal connection exists between an act of the sheriff and the alleged constitutional violation.

Additionally, to whatever extent, if any, that plaintiff claims that he was unlawfully arrested and detained by the sheriff or his deputies, his claims must be dismissed at this time. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by subsequent state proceedings or by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Summers v. Eidson, 206 F. App'x 321, 323 (5th Cir. 2006); Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (citing Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement based upon the district court's allegedly improper failure to grant him a bond and its order instead to detain him without bond. Heck, 512 U.S. at 479; Connors v. Graves, 538 F.3d 373, 376 (5th Cir. 2008) (citing Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000)); Arnold v. Town of Slaughter, 100 Fed. Appx. 321, 2004 WL 1336637, at *3–4 (5th Cir. 2004); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). The Heck doctrine has been applied to judicial determinations concerning whether criminal defendants should be granted a bond or detained pretrial pending further proceedings. See Foster v.

Lazalde, 2018 WL 1251923, at *3 (W.D. Tex. Mar. 9, 2018) (internal citations omitted) ("[B]ecause a plaintiff would need to prove the unlawfulness of his bond revocation and subsequent detention, the Heck bar applies to claims involving bond revocations."). Shorter's complaint alleges defects in the manner in which his bond was denied resulting in his pretrial detention. Thus, Shorter alleges that his current incarceration is improper. However, the manslaughter charges for which Shorter is currently incarcerated and the bond denial decision that he challenges in this case have not been set aside in any of the ways described in Heck.

Thus, any claims for relief that plaintiff asserts, attacking his continued confinement based upon the district court's decision to deny him a bond and order him detained pending further proceedings, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

(14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ____7th____ day of November, 2019.

                        JOSEPH C. WILKINSON, JR.
                        UNITED STATES MAGISTRATE JUDGE

---

[2] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.